1  Robert A. Bailey (# 214688)
     rbailey@afrct.com
2  E. Christine Hehir (# 201969)
     chehir@afrct.com
3  ANGLIN, FLEWELLING, RASMUSSEN,
     CAMPBELL & TRYTTEN LLP
4  199 South Los Robles Avenue, Suite 600
   Pasadena, California 91101-2459
5  Telephone:  626.535.1900 – Fax:  626.577.7764

6  Attorneys for Defendant WELLS FARGO
   BANK, N.A., successor by merger with
7  Wells Fargo Bank Southwest, N.A. formerly
   known as WACHOVIA MORTGAGE, FSB
8  formerly known as World Savings Bank,
   FSB erroneously sued as "Wells Fargo
9  Bank, N.A. A/K/A Wachovia Mortgage, a
   division of Wells Fargo Bank, N.A., and
10 F/K/A Wachovia Mortgage, FSB" ("Wells
   Fargo")

11

12              UNITED STATES DISTRICT COURT

13    NORTHERN DISTRICT OF CALIFORNIA -- SAN FRANCISCO DIVISION

14

| | |
|---|---|
| 15  BERNETTA ADOLPH, an individual | CASE NO.:  3:13-CV-00302-RS |
| 16              Plaintiff, | [The Honorable Richard Seeborg] |
| 17 | |
| 18  v. | **DEFENDANT WELLS FARGO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| 19  WELLS FARGO BANK, N.A., A/K/A | |
| 20  WACHOVIA MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A. AND F/K/A | |
| 21  WACHOVIA MORTGAGE, FSB; NDEX WEST, LLC; and DOES 1-10, INCLUSIVE, | **HEARING** |
| 22 | Date:        May 2, 2013 |
|    | Time:        1:30 p.m. |
| 23              Defendants. | Ctrm:        3, 17th Floor |
| 24 | |

25  / / /

26  / / /

27  / / /

28  / / /

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  **TO THIS HONORABLE COURT AND PLAINTIFF IN PRO PER:**

2      **PLEASE TAKE NOTICE that** on **May 2, 2013** at **1:30 p.m.** in **Courtroom 3** of the

3  above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, the

4  Honorable Richard Seeborg presiding, defendant WELLS FARGO BANK, N.A., successor by

5  merger with Wells Fargo Bank Southwest, N.A. formerly known as WACHOVIA

6  MORTGAGE, FSB formerly known as World Savings Bank, FSB erroneously sued as "Wells

7  Fargo Bank, N.A. A/K/A Wachovia Mortgage, a division of Wells Fargo Bank, N.A., and F/K/A

8  Wachovia Mortgage, FSB" ("Wells Fargo") will move to dismiss the first through fifth claims in

9  the complaint, pursuant to FRCP 12(b)(6).

10      Grounds for the motion to dismiss, brought pursuant to Federal Rules of Civil Procedure

11  12(b)(6) are:  Plaintiff fails to plead required elements and each claim fails due to lack of tender.

12      This motion is based on this notice, the memorandum of points and authorities, the

13  request for judicial notice filed concurrently herewith, any reply, and on defendant's argument

14  at the hearing, if any.

15                                  Respectfully submitted,

16  Dated:  March 18, 2013         ANGLIN, FLEWELLING, RASMUSSEN,
                                    CAMPBELL & TRYTTEN LLP
17

18                                  By:  __/s/ E. Christine Hehir_____
                                        E. Christine Hehir
19                                      chehir@afrct.com
                                    Attorneys for Defendant WELLS FARGO BANK,
20                                  N.A., successor by merger with Wells Fargo Bank
                                    Southwest, N.A. formerly known as WACHOVIA
21                                  MORTGAGE, FSB formerly known as World
                                    Savings Bank, FSB erroneously sued as "Wells
22                                  Fargo Bank, N.A. A/K/A Wachovia Mortgage, a
                                    division of Wells Fargo Bank, N.A., and F/K/A
23                                  Wachovia Mortgage, FSB" ("Wells Fargo")

24

25

26

27

28

*ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP*

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................1

1.     INTRODUCTION ........................................................................................1

2.     SUMMARY OF THE CASE AND JUDICIALLY NOTICEABLE
       DOCUMENTS...............................................................................................1

3.     PLAINTIFF'S ENTIRE COMPLAINT FAILS BECAUSE IT IS PREDICATED
       ON ALLEGATIONS WHICH ARE FACTUALLY INCORRECT AND FAIL
       AS A MATTER OF LAW................................................................................2

       A.     Wells Fargo Owns The Loan And Has The Legal Right To Initiate And
              Conduct Foreclosure Proceedings And To Substitute NDeX As The
              Trustee.........................................................................................3

       B.     Claims Based On Ownership And Securitization Have Been Rejected in
              California. ....................................................................................5

       C.     The Substitution Of Trustee Is Valid And Proper. ...............................6

       D.     A Completed Non-Judicial Foreclosure Is A Final Adjudication Of The
              Rights Of A Borrower And Lender. ....................................................7

4.     PLAINTIFF CANNOT PREVAIL ON ANY CLAIM TO UNWIND THE
       COMPLETED TRUSTEE SALE, AS SHE FAILS TO TENDER HER DEBT................8

5.     PLAINTIFF'S CLAIM FOR QUIET TITLE IS ADDITIONALLY FLAWED..............11

6.     PLAINTIFF'S CLAIMS FOR CONSTRUCTIVE TRUST (FOURTH) AND TO
       CANCEL THE TRUSTEE'S DEED UPON SALE (FIFTH) MUST FALL
       BECAUSE THEY ARE REMEDIES, NOT CLAIMS FOR RELIEF. ...........................13

7.     PLAINTIFF CANNOT RECOVER DAMAGES FOR HER CLAIMS
       RELATING TO THE RECORDING OF FORECLOSURE DOCUMENTS...................14

8.     CONCLUSION...........................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Aguirre v. Cal-Western Reconvey. Corp.*,
   2012 U.S. Dist. LEXIS 12060 (C.D. Cal. Jan. 30, 2012) ........................................5

*Ashcroft v. Iqbal*,
   556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)........................................9

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)........................................9

*Hafiz v. Greenpoint Mortg. Funding, Inc.*,
   652 F. Supp. 2d 1039 (2009) ........................................................................5, 6

*Hague v. Wells Fargo Bank, N.A.*,
   2011 U.S. Dist. LEXIS 65197 (N.D. Cal. June 20, 2011) (Henderson, J)..........................4, 5

*Kennedy v. Wells Fargo Bank, N.A.*,
   2012 U.S. Dist. LEXIS 134939 (N.D. Cal. Sept. 20, 2012) (Chesney, J.) ..............................4

*Krug v. Wells Fargo Bank, N.A.*,
   2011 U.S. Dist. LEXIS 143218 (N.D. Cal. Dec. 13, 2011) (Seeborg, J)................................5

*Lane v. Vitek Real Estate Indus. Group*,
   713 F. Supp. 2d 1092 (E.D. Cal. May 11, 2010) .......................................................5

*Logvinov v. Wells Fargo Bank*,
   2011 U.S. Dist. LEXIS 141988 (N.D. Cal. Dec. 9, 2011) (Ryu, J) .......................................5

*Louisiana Pac. Corp. v. Money Mkt. 1 Inst. Inv. Dealer*,
   2011 U.S. Dist. LEXIS 32414 (N.D. Cal. Mar. 28, 2011) (White, J.).....................................3

*Moreno v. Citibank, N.A.*,
   2010 U.S. Dist. LEXIS 25955 (N.D. Cal. March 19, 2010)...................................13

*Pey v. Wachovia Mortg. Corp.*,
   2011 U.S. Dist. LEXIS 131699 (N.D. Cal. Nov. 15, 2011) (Conti, J.) ..................................4

*Shirley v. Wachovia Mortg. FSB*,
   2011 U.S. Dist. LEXIS 29034 (N.D. Cal. Mar. 9, 2011)..............................................4

**STATE CASES**

*Am. Motorists Ins. Co. v. Cowan*,
   127 Cal. App. 3d 875 (1982) ................................................................13

1

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Arnolds Management Corp. v. Eischen,*
  158 Cal. App. 3d 575 (1984) ..........................................................................8

*Dimock v. Emerald Propos, LLC,*
  81 Cal. App. 4th 868, 97 Cal. ....................................................................10

*FPCI RE-HAB01 v. E&G Investments Ltd.,*
  207 Cal. App. 3d 1018 (1989) ................................................................8, 9, 12

*G.R. Holcomb Estate Co. v. Burke*
  (1935) 4 Cal.2d 289 ....................................................................................12

*Gaffney v. Downey Sav. & Loan Ass'n,*
  200 Cal. App. 3d 1154 (1988) ......................................................................8

*Gomes v. Countrywide Home Loans, Inc.,*
  192 Cal. App. 4th 1149 (2011) ..................................................................5, 6

*Gruenberg v. Aetna Ins. Co.,*
  9 Cal. 3d 566 (1973) ..................................................................................14

*Kachlon v. Markowitz,*
  168 Cal. App. 4th 316 (2008) ....................................................................14

*Karlsen v. American Savings & Loan Ass'n,*
  15 Cal. App. 3d 112 (1971) ......................................................................8, 9

*Lewis v. Superior Court,*
  30 Cal. App. 4th 1850 (1994) ....................................................................12

*Lona v. Citibank, N.A.,*
  202 Cal. App. 4th 89 (2011) ....................................................................9, 11

*Maudlin v. Pacific Decision Sciences Corp.,*
  137 Cal. App. 4th 1001 (2006) ....................................................................4

*Michaelian v. State Camp. Ins. Fund,*
  50 Cal. App. 4th 1093 (1996) ....................................................................13

*Moeller v. Lien,*
  25 Cal. App. 4th 822 (1994) ........................................................................7

*Nguyen v. Calhoun,*
  105 Cal. App. 4th 428 (2003) ....................................................................7, 8

*Sipe v. McKenna,*
  88 Cal. App. 2d 1001 (1948) ....................................................................12

*Stafford v. Ballinger,*
  199 Cal. App. 2d 289 (1962) ....................................................................12

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

2

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**STATE STATUTES**

Cal. Civ. Code § 47 .................................................................................................14

Cal. Civ. Code § 47(c)(1) ........................................................................................14

Cal. Civ. Code §§ 729.040, 729.050 & 729.080 .....................................................14

Cal. Civ. Code §§ 1689, 1691-92 ............................................................................13

Cal. Civ. Code § 2924(a)(1) ......................................................................................6

Cal. Civ. Code § 2924(d) ........................................................................................14

Cal. Civ. Code § 2934a .............................................................................................6

Cal. Civ. Proc. Code § 761.020 ..............................................................................11

**RULES**

Fed. R. Evid. 201(b) ..................................................................................................3

**OTHER AUTHORITIES**

5 Witkin, *California Procedure*, Pleading (4th ed. 2006) ........................................13

9 Witkin, Summ. Cal. Law, *Corporations* (10th ed. 2005) § 198, p. 968 ......................4

Miller & Starr, Cal. Real Estate (3rd Ed. 2000), § 11:46 .......................................14

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

## MEMORANDUM OF POINTS AND AUTHORITIES

## 1.   INTRODUCTION

This action arises from a secured loan made by Wells Fargo's predecessor, World Savings Bank, to Plaintiff in 2007.  The borrower defaulted on the loan in May 2010, which resulted in a completed foreclosure sale over almost two years later in April 2012.

Plaintiff's complaint seeks to invalidate Wells Fargo's security interest in the property by alleging Wells Fargo is not the beneficiary under the deed of trust and therefore not entitled to foreclose on the Property.  This claim is contradicted by the judicially noticeable documents which show that Plaintiff's original lender, World Savings Bank, FSB, changed its name to Wachovia Mortgage, FSB, which then merged into Wells Fargo Bank, N.A.  There is no legitimate issue as to Wells Fargo standing to conduct the foreclosure.  The claims also fail for lack of tender of the outstanding debt and fail to plead sufficient facts to state a claim.

As discussed in detail below, the amended complaint should be dismissed without leave to amend.

## 2.   SUMMARY OF THE CASE AND JUDICIALLY NOTICEABLE DOCUMENTS

On or about January 2007, Plaintiff borrowed $538,500.00 from Wells Fargo's predecessor, World Savings Bank, FSB, secured by a deed of trust against real property commonly described as 48 Lobos St., San Francisco, CA 94112-3020 (the "Property"). (Amended Complaint ("FAC") ¶13; Attached to the Request for Judicial Notice ("RJN") as Exhibit A is a true and correct copy of the promissory note; attached as Exhibit B is a true and correct copy of the deed of trust, recorded with the San Francisco County Recorder's Office).

In January 2008, World Savings Bank, FSB ("World Savings Bank") was renamed as Wachovia Mortgage, FSB ("Wachovia Mortgage").  Wachovia Mortgage was then merged into Wells Fargo Bank, N.A. ("Wells Fargo") in November 2009.  (RJN, Exhs. C through G).

Plaintiff has been in default on this loan since May 15, 2010 and as such, in September 2010, a Notice of Default and Election to Sell was served and recorded against the property. (Attached to the RJN as Exhibit H is the Notice of Default recorded with the San Francisco County Recorder).  NDex West, LLC ("NDeX") was substituted as trustee under the deed of

1

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1 trust on October 12, 2010. (Attached to the RJN as Exhibit I is a true and correct copy of the

2 Substitution of Trustee, recorded with the San Francisco County Recorder on November 2,

3 2010). A Notice of Trustee Sale was recorded March 16, 2012, noticing a sale date of April 4,

4 2012. (Attached to the RJN as Exhibit J is a true and correct copy of the Notice of Trustee's

5 Sale, recorded with the San Francisco County Recorder). The Property was sold April 9, 2012,

6 over one month before Plaintiff filed her complaint. (Attached to the RJN as Exhibit K is a true

7 and correct copy of the Trustee Deed Upon Sale, recorded with the San Francisco County

8 Recorder). The Property reverted back to the beneficiary, Wells Fargo, as the high bidder. (*Id.*).

9 Plaintiff waited until late December 2011 to serve Wells Fargo with process and has yet to serve

10 Wells Fargo with a copy of any subsequently amended complaint.

11    Plaintiff's five claims for relief are premised on the following two theories: (1) her note

12 was securitized and thus Wells Fargo does not own the note, is not the beneficiary under the deed

13 of trust and therefore lacked standing to initiate the foreclose sale (FAC ¶¶14-20; see also ¶¶30,

14 40, 46, 48, 56); and (2) NDeX was not a properly substituted trustee because Wells Fargo was

15 not the beneficiary authorized to substitute the trustee and therefore lacked authority to record

16 the notice of default and/or notice of trustee's sale (¶¶22-25; see also ¶¶39-40, 42, 47, 56, 64).

17    As briefed below, not a single claim in the amended complaint has merit. Moreover, the

18 flaws with these claims cannot be cured. The motion to dismiss should be granted without leave

19 to amend.

20 **3.    PLAINTIFF'S ENTIRE COMPLAINT FAILS BECAUSE IT IS PREDICATED ON**

21 **ALLEGATIONS WHICH ARE FACTUALLY INCORRECT AND FAIL AS A**

22 **MATTER OF LAW.**

23    Each of Plaintiff's claims attacks the completed foreclosure sale on the ground that, when

24 foreclosure proceedings were initiated, Wells Fargo did not have an interest in the loan as the

25 beneficiary or lender. (*See* FAC ¶¶30 (first), ¶40 (second), ¶¶46, 48 (third), ¶¶52-54 (fourth), ¶56

26 (fifth)). For the reasons set forth below, each of the claims fails to state a cause of action.

27 / / /

28 / / /

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**A.**     **Wells Fargo Owns The Loan And Has The Legal Right To Initiate And Conduct Foreclosure Proceedings And To Substitute NDeX As The Trustee.**

Plaintiff admits she obtained the subject loan from World Savings in January 2007 and the loan was secured by a deed of trust on the subject Property.  (*See* FAC ¶14; RJN Exhs. A, B). She further admits that Wells Fargo was also known as Wachovia Mortgage FSB which was formerly known as World Savings Bank, FSB.  (FAC ¶14).  Moreover, the judicially noticeable documents confirms this corporate transition.

"A court may take judicial notice of facts that are 'not subject to reasonable dispute in that [they are] either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Louisiana Pac. Corp. v. Money Mkt. 1 Inst. Inv. Dealer*, 2011 U.S. Dist. LEXIS 32414 (N.D. Cal. Mar. 28, 2011) (White, J.) (*quoting* Fed. R. Evid. 201(b)).

As discussed previously, World Savings simply changed its name to Wachovia Mortgage, FSB effective January 1, 2008. (RJN Exh. C)  In November 2009, Wachovia Mortgage, FSB was merged into Wells Fargo. (RJN Exhs. E through G)  To be sure, the following documents reveal that Wells Fargo is entitled to foreclose the deed of trust as the beneficiary:

1.     The deed of trust identified World Savings Bank, FSB as the lender and beneficiary.  (RJN, Exh. B).

2.     A letter issued by the Office of Thrift Supervision authorized the name change from World Savings Bank, FSB to Wachovia Mortgage, FSB.  (RJN, Exh. D).

3.     A letter issued by the Office of the Comptroller of the Currency authorized the name change from Wachovia Mortgage, FSB to Wells Fargo Bank Southwest N.A., and the merger with Wells Fargo Bank, N.A. (RJN, Exh. F).

4.     The Substitution of Trustee advises Plaintiff that the beneficiary under the deed of trust is: "WELLS FARGO BANK, NA SUCCESSOR BY MERGER TO WELLS FARGO BANK SOUTHWEST, NA F/K/A WACHOVIA MORTGAGE FSB F/K/A WORLD SAVINGS BANK, FSB (RJN, Exh. I).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    The merger with Wells Fargo, like the name change to Wachovia Mortgage, FSB,

2 required no formal transfer or assignment of the note or deed of trust.  In a merger, the surviving

3 entity "succeeds to the rights, property, debts, and liabilities, without other transfer."  9 Witkin,

4 Summ. Cal. Law, Corporations (10th ed. 2005) § 198, p. 968; *Maudlin v. Pacific Decision*

5 *Sciences Corp.*, 137 Cal. App. 4th 1001, 1009-10 (2006) (contract rights of acquired entity are

6 unchanged by merger).  Thus, no formal assignment was required.

7    Further confirmation of Wells Fargo's status as beneficiary under the deed of trust is

8 found in the case law:  "Yet the record before the Court does not suggest that World Savings

9 assigned its power of sale.  Judicially noticeable documents show that World Savings and Wells

10 Fargo are one and the same.  World Savings simply changed its name to Wells Fargo."  *Hague v.*

11 *Wells Fargo Bank, N.A.,* 2011 U.S. Dist. LEXIS 65197 (N.D. Cal. June 20, 2011) (Henderson,

12 J).

13    Other courts have taken judicial notice of the same documents that Wells Fargo is

14 offering here to establish its status as World's successor.  *Kennedy v. Wells Fargo Bank, N.A*.,

15 2012 U.S. Dist. LEXIS 134939,* 2-4, n. 2, 3 (N.D. Cal. Sept. 20, 2012) (Chesney, J.) (court took

16 judicial notice of letters from Office of Thrift Supervision and Comptroller of the Currency

17 (RJN, Exs. 3-5) and found that "World Savings Bank, FSB [was] an entity subsequently acquired

18 by Wachovia Mortgage, FSB, which, in turn, was acquired by Wells Fargo."); *Pey v. Wachovia*

19 *Mortg. Corp*., 2011 U.S. Dist. LEXIS 131699, *3-4 (N.D. Cal. Nov. 15, 2011) (Conti, J.) (taking

20 judicial notice of documents establishing that Wells Fargo succeeded to World's interest in deed

21 of trust as the result of a name change and merger); *see also*, *Shirley v. Wachovia Mortg. FSB*,

22 2011 U.S. Dist. LEXIS 29034 (N.D. Cal. Mar. 9, 2011) ("That Wachovia is now part of Wells

23 Fargo Bank is a fact of common knowledge not subject to reasonable dispute.").

24    Thus, the beneficiary of the Deed of Trust is identified from the continuous and unbroken

25 chain from World Savings Bank, FSB through its name change to Wachovia Mortgage, FSB to

26 its merger into Wells Fargo Bank, N.A.  As such, there was no assignment or securitization of

27 Plaintiff's loan.  Plaintiff's claim that Wells Fargo is not the beneficiary under the deed of trust is

28 unsupported (and erroneous) conjecture.  Accordingly, Plaintiff fails to state viable claims for

1   quiet title (first), to set aside the trustee sale (second), wrongful foreclosure (third), cancel the

2   trustee deed (fourth) and for a constructive trust (fifth) and the motion should be sustained

3   without leave to amend.

4   **B.**   **Claims Based On Ownership And Securitization Have Been Rejected in California.**

5          California does not recognize a cause of action whereby a borrower may "test whether

6   the person electing to sell the property is, or is duly authorized to do so by, the owner of a

7   beneficial interest in it." *Gomes v. Countrywide Home Loans, Inc*., 192 Cal. App. 4th 1149,

8   1154 (2011) ("Nothing in the statutory provisions establishing the nonjudicial foreclosure

9   process suggests that such a judicial proceeding is permitted or contemplated."); *see also Aguirre*

10  *v. Cal-Western Reconvey. Corp*., 2012 U.S. Dist. LEXIS 12060, *15-16 (C.D. Cal. Jan. 30,

11  2012) (under *Gomes*, such a claim "fails as a matter of law."); *Hague,* 2011 U.S. Dist. LEXIS

12  84695 at *8 (Wells Fargo need not demonstrate title in order to foreclose; rather, "[i]t need only

13  comply with California's nonjudicial foreclosure statutes.").

14         Similarly, numerous courts, including this one, have rejected claims based on the

15  foreclosing lender's alleged lack of standing to foreclose based on the alleged "securitization" of

16  a loan.  *See Krug v. Wells Fargo Bank, N.A*., 2011 U.S. Dist. LEXIS 143218 (N.D. Cal. Dec. 13,

17  2011) (Seeborg, J) (dismissing with prejudice claims based on allegation that, "as a result of his

18  loan having been 'securitized' and the particular manner in which that was done, the entities now

19  seeking to foreclose lack standing to do so, either because they in fact do not have the legal right

20  to enforce the security obligation, or because, at a minimum, they have not established that they

21  have such a right") (*citing Hafiz v. Greenpoint Mortg. Funding, Inc*., 652 F. Supp. 2d 1039, 1043

22  (N.D. Cal. 2009) (Alsup, J)); *see also Lane v. Vitek Real Estate Indus. Group*, 713 F. Supp. 2d

23  1092, 1099 (E.D. Cal. May 11, 2010) (court rejected the borrower's contention that "none of the

24  defendants have the authority to foreclose because their loan was packaged and resold in the

25  secondary market, where it was put into a trust pool and securitized"); *Logvinov v. Wells Fargo*

26  *Bank*, 2011 U.S. Dist. LEXIS 141988, *9 (N.D. Cal. Dec. 9, 2011) (Ryu, J) ("The argument that

27  parties lose their interest in a loan when it is assigned to a trust pool or REMIC has been rejected

28  by numerous courts").

5

1    Accordingly, Plaintiff cannot bring an action requiring defendants to prove their authority

2 to proceed with the non-judicial foreclosure.  Moreover, even if the loan was securitized, the

3 power of sale pursuant to the Deed of Trust is not lost and the lender, beneficiary, trustee or any

4 of their agents can initiate the non-judicial foreclosure proceedings upon the borrower's default.

5 Section 2924(a)(1) provides that an authorized agent of the trustee, mortgagee or beneficiary

6 may record a notice of default.  Cal. Civ. Code § 2924(a)(1).  NDeX, as the substituted trustee

7 authorized by Wells Fargo, initiated and conducted the foreclosure proceedings.  *See*, *Hafiz*, 652

8 F. Supp. 2d at 1043.  Thus, Plaintiff fails to state a basis to support her claims to unwind the

9 trustee's sale.

10    Plaintiff's claims are merely variations on the claims that have been rejected by *Gomes*

11 and this Court, and therefore, should be dismissed without leave to amend.

12  **C.    The Substitution Of Trustee Is Valid And Proper.**

13    Plaintiff also alleges that NDeX was not appointed as the trustee under the deed of trust

14 and therefore the foreclosure documents (notice of default, substitution of trustee, notice of

15 trustee sale and trustee's deed upon sale) and the sale itself are all void and of no effect.  (*See*

16 FAC ¶¶22-25, 39-40, 42, 47, 52-54, 56, 64).  This claim, like the rest of Plaintiff's complaint,

17 stems from Plaintiff's theory that Wells Fargo was not the beneficiary under the deed of trust.

18 (*See id.*).  Claims based on this allegation are fatally flawed.

19    As discussed above, Plaintiff's loan was not securitized and Wells Fargo, as the successor

20 to Wachovia Mortgage/World Savings, was the owner of the loan and the beneficiary under the

21 Deed of Trust.  Paragraph 27 of the Deed of Trust, which was signed by Plaintiff, states:

22        27.    SUBSTITUTION OF TRUSTEE
         I agree that Lender may at any time appoint a successor trustee and
23        that Person shall become the Trustee under this Security
         Instrument as if originally named as Trustee.  ( RJN Exh. B, p. 12
24        ¶27).

25 Lender is defined in the Deed of Trust as "WORLD SAVINGS BANK, FSB, ITS

26 SUCCESSORS AND/OR ASSIGNEES".  (RJN Exh. B, p. 1 ¶1.(C)).  As Wells Fargo had the

27 legal right and authority to substitute NDeX as trustee, and the recorded documents complied

28 with California Civil Code § 2934a, NDeX was therefore authorized to conduct the foreclosure

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   sale and record the trustee's deed upon sale.  Plaintiff's claims to set aside trustee sale (second,

2   FAC ¶¶39-40, 42), wrongful foreclosure (third, ¶47), constructive trust (fourth, ¶¶52-54) and

3   cancel the trustee deed upon sale (fifth, ¶¶56, 64) are therefore flawed for this additional reason.

4   **D.    A Completed Non-Judicial Foreclosure Is A Final Adjudication Of The Rights Of A**

5   **Borrower And Lender.**

6   "A properly conducted nonjudicial foreclosure sale constitutes a final adjudication of the

7   rights of the borrower and lender." *Moeller v. Lien*, 25 Cal. App. 4th 822, 831 (1994).  "As a

8   general rule, a trustee's sale is complete upon acceptance of the final bid." *Nguyen v. Calhoun*,

9   105 Cal. App. 4th 428, 440-41 (2003).  "If the trustee's deed recites that all statutory notice

10  requirements and procedures required by law for the conduct of the foreclosure have been

11  satisfied, a rebuttable presumption arises that the sale has been conducted regularly and properly;

12  this presumption is conclusive as to a bona fide purchaser." *Moeller*, 25 Cal. App. 4th at 831

13  (citations omitted, emphasis added).

14  "[T]he purposes of the nonjudicial foreclosure sale statutes are to protect the trustor

15  (debtor) from wrongful loss of the property and to provide a quick, inexpensive and efficient

16  remedy for creditors of defaulting debtors." *Id.* at 832.  "The debtor is protected by notice

17  requirements, reinstatement and redemption periods and a right to postpone the sale." *Id* "In

18  addition to the statutory purpose of balancing the rights and interests of the creditor and debtor,

19  the statutory scheme also evidences an intent that a properly conducted sale be a final

20  adjudication of the rights of the creditor and debtor [citations] and the sanctity of title of a bona

21  fide purchaser be protected." *Id.*

22  In this case, the trustee's deed upon sale contained these recitals:

23  Default occurred as set forth in a Notice of Default and Election to Sell
    which was filed for record in the office of the Recorder of said County,

24  and such default still existed at the time of sale.  All requirements of law
    regarding the mailing of copies of notices and posting and publication of

25  copies of the Notice of Sale have been complied with.

26  (RJN, Exh. K).

27  Thus, the trustee's sale in this case is presumed to have been conducted fairly and

28  regularly, and Plaintiff must allege facts to overcome the presumption.  As the only facts

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   Plaintiff alleges concern Wells Fargo's standing under the deed of trust, this is insufficient to

2   overcome the presumption that the sale was conducted fairly and regularly.

3   **4.   PLAINTIFF CANNOT PREVAIL ON ANY CLAIM TO UNWIND THE**

4   **COMPLETED TRUSTEE SALE, AS SHE FAILS TO TENDER HER DEBT.**

5          Aside from the request for damages within the prayer for relief, the complaint strictly

6   seeks equitable remedies to unwind the trustee sale and quiet title in the property to Plaintiff –

7   specifically, to quiet title (first), set aside the trustee sale (second), wrongful foreclosure (third),

8   cancel the trustee's deed upon sale (fourth) and to impose a constructive trust (fifth).  With

9   limited exceptions not plead or present here, these claims cannot survive without a real tender of

10  the debt.

11         California law is clear, no foreclosure sale may be set aside unless the debtor/former

12  owner first makes a full and true tender of the indebtedness.  *Karlsen v. American Savings &*

13  *Loan Ass'n*, 15 Cal. App. 3d 112, 117 (1971) (equity would not set aside trustee's sale under

14  deed of trust in favor of former owner because no tender was made nor ability to pay the

15  indebtedness shown); *FPCI RE-HAB01 v. E&G Investments Ltd.,* 207 Cal. App. 3d 1018, 1021

16  (1989) ("[A]n essential prerequisite to challenging the foreclosure sale is the ability to tender the

17  amount of the indebtedness or cure the default") (upholding sale).  This is true for any claim

18  challenging an allegedly irregular sale.  *Arnolds Management Corp. v. Eischen*, 158 Cal. App. 3d

19  575, 579 (1984) ("A cause of action 'implicitly integrated' with the irregular sale fails unless the

20  trustor can allege and establish a valid tender." Sale upheld at demurrer stage).

21         Moreover, averments or pleadings of a "willingness or ability" do not support any claim

22  to reverse a trustee's sale.  No legitimate tender exists unless real and ready funds are actually

23  put in the hands of the trustee or beneficiary.  *Gaffney v. Downey Sav. & Loan Ass'n*, 200 Cal.

24  App. 3d 1154, 1167 (1988) (upheld demurrer to complaint challenging completed trustee's sale

25  because a real tender had not been made).  "The rules which govern tenders are strict and are

26  strictly applied . . . ." *Nguyen v. Calhoun*, 105 Cal. App. 4th 428, 439 (2003) (demurrer upheld

27  to challenge to completed trustee's sale where a "verbal tender" of an ability to pay was made

28  before the sale, but the check did not arrive until three days after the sale).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    Indeed, the adjudication of rights to the property become final by virtue of a trustee's

2  sale, as no tender had occurred.  *Karlsen,* 15 Cal. App. 3d at 120-21 (anything less than a real

3  and full tender creates an "intolerable situation" that cannot be countenanced by a "court of law

4  or equity," *i.e.,* leaving the lender "without a remedy," clouding title "indefinitely," and

5  "jeopardiz[ing] the security," while compelling a lender to "hold a depreciating security and

6  during the holding period lose accruing interest on the original loan and pay all taxes and

7  accruing expenses.").

8    Plaintiff does not plead a tender of the indebtedness, $531,066.25, as reflected in the

9  Trustee's Deed Upon Sale (RJN, Exh. K).  Instead, Plaintiff alleges tender is not required where

10 a sale is void (FAC ¶¶35, 43) or in the limited circumstances identified by *Lona v. Citibank,*

11 *N.A.*, 202 Cal. App. 4th 89 (2011) (*e.g.*, complaint challenges the validity of the underlying debt

12 or alleges claims entitling the plaintiff to a set-off, where it would be inequitable or where the

13 trustee's deed upon sale is void on its face) (¶50).  In attempting to avoid the tender requirement

14 and fit within these limited exceptions, Plaintiff randomly alleges the obligation is not in default

15 and the validity of the debt is disputed (FAC ¶21), Plaintiff is not indebted to Wells Fargo (¶¶32,

16 33) and all note obligations have been satisfied (¶36).  These wholly conclusory and inconsistent

17 allegations are insufficient to avoid the equitable principles behind the requirement for tender.

18    First, Plaintiff's conclusory allegations that the debt is invalid, the loan was not in default

19 or the debt was satisfied are implausible on their face and insufficient to defeat Wells Fargo's

20 motion to dismiss.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868

21 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d

22 929 (2007)).  Plaintiff fails to allege a single fact in support of these allegations.  She does not

23 plead any facts in support of the claim that the debt is invalid, such as how or why it is invalid.

24 Nor does she plead any facts of when the debt was purportedly satisfied, to whom, and the

25 amount paid.  Finally, she fails to plead any facts indicating that the loan was not in default, such

26 as her compliance with the terms of the note, including the dates and amounts of her payments

27 under the note.

28 / / /

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    Moreover, these allegations regarding the invalidity or satisfaction of the debt are

2    contradicted by the remaining allegations.  For instance, while Plaintiff baldly states she

3    challenges the validity of the debt (FAC ¶21), she in fact admits that she borrowed money from

4    World Savings (¶¶13-14 ["her Note was sold by World Savings Bank, FSB"]).  She does not

5    seek to unwind the foreclosure sale because she had paid the debt and was current on the note.

6    Instead she attacks the completed sale on the theory that Wells Fargo was not the beneficiary

7    under the deed of trust and was not authorized to initiate the foreclosure sale by substituting

8    NDeX as the trustee under the deed of trust.  Her claims rest on the validity of the substitution of

9    trustee which enabled NDeX to record the notice of default, substitution of trustee, notice of

10   trustee sale and to conduct the trustee sale and record the trustee's deed upon sale.  (*See* ¶¶30,

11   39-40, 42, 40, 46-48, 52-54, 56, 64).

12       Attempting to avoid tender by citing to an alleged exemptions found in *Dimock v.*

13   *Emerald Propos, LLC,* 81 Cal. App. 4th 868, 97 Cal. Rprt. 2d 255, 261-63 (Cal. Ct. App. 2000),

14   Plaintiff alleges the trustee sale was void (vs. voidable) and therefore tender is not required to

15   unwind the completed sale.  (*See* FAC ¶35).  *Dimock*, however, is completely inapplicable.  In

16   *Dimock* a substitution of trustee was recorded in error and the error was never corrected.

17   (*Dimock*, 81 Cal. App. 4th at 872).  Notwithstanding the erroneous but valid substitution of

18   trustee, the original trustee proceed with a foreclosure of the property.  The *Dimock* court held

19   that because there was a valid substitution to the new trustee, the original trustee had no power to

20   conduct the foreclosure and that the resulting sale was void. (*Id*. at 874-75).

21       Here, Plaintiff's claim here is based on the untenable theory that Wells Fargo was not the

22   beneficiary under the deed of trust.  As discussed above, there is no merit to her claim that Wells

23   Fargo is not authorized to initiate the foreclosure sale due to an alleged securitization of the note.

24   Even if the loan was securitized, this would not divest Wells Fargo of its beneficial interest under

25   the deed of trust.  The judicially noticeable documents demonstrate that Wells Fargo is the

26   beneficiary under the deed of trust.  Thus, Wells Fargo was authorized to substitute NDeX as the

27   foreclosing trustee and NDeX was entitled to conduct the trustee sale.  Conclusory allegations

28   that the sale is void do not help Plaintiff.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    Finally, while Plaintiff claims that *Lona*, 202 Cal. App. 4th 89, also provides an

2    exception to the tender requirement, she fails to plead any facts entitling her to relief under these

3    limited exceptions.  (*See* FAC ¶50).  For instance, as discussed above, while Plaintiff asserts she

4    challenges the underlying debt, she fails to plead any facts in support of that conclusory

5    assertion.  Indeed, her entire complaint suggests that she does not challenge the debt, but Wells

6    Fargo's right to collect on it.  Nor does her complaint allege any claim entitling her to a set-off of

7    the debt or facts suggesting it would be inequitable for her to tender her debt in the face of a two

8    year default.  As explained above, Wells Fargo properly foreclosed on the property as the

9    rightful beneficiary under the deed of trust.  Accordingly, there is nothing "inequitable" that

10   would preclude the tender requirement here.

11   Accordingly, without the tender required to rescind the trustee's sale, Plaintiff cannot

12   prevail on her equitable claims to quiet title (first), set aside the trustee sale (second), wrongful

13   foreclosure (third), cancel trustee deed upon sale (fourth) and to impose a constructive trust

14   (fifth).

15   **5.    PLAINTIFF'S CLAIM FOR QUIET TITLE IS ADDITIONALLY FLAWED.**

16   Like all previous claims, Plaintiff's quiet title claim is premised on the theory that Wells

17   Fargo has no interest in the property.  (FAC ¶30).  Notwithstanding the flaws previously

18   identified, Plaintiffs also fail to plead the required elements for this claim.

19   A claim to quiet title requires a verified complaint setting forth facts to show each of the

20   following elements:  (1) a description of the property that is the subject of the action; (2) the title

21   of the plaintiff as to which a determination is sought and the basis of the title; (3) the adverse

22   claims to the title of the plaintiff against which a determination is sought; (4) the date as to which

23   determination is sought; and (5) a prayer for determination of title of the plaintiff against the

24   adverse claims.  Code Civ. Proc.§ 761.020.

25   Plaintiff bases her title on the deed of trust.  (FAC ¶28).  However, the deed of trust does

26   not grant title to Plaintiff, but rather grants a security interest in the Property to Plaintiff's lender

27   World Savings (now Wells Fargo).  (*See* RJN, Exh. B).  Moreover, the Complaint does not

28   allege a basis for quieting title in plaintiffs' favor.  Plaintiffs allege that defendants have no right,

1  title, interest or estate in the Property because they have no ownership in Plaintiff's Loan.  (*See*

2  ¶30).  It is clear, however, that Wells Fargo owns Plaintiff's loan and, thus, has an interest in the

3  Property as the beneficiary under the Deed of Trust.  (*See* Discussion above; RJN, Exhs. C

4  through G).

5          Moreover, as discussed above, a party seeking to quiet title must tender the full amount

6  of the underlying indebtedness.  *Sipe v. McKenna*, 88 Cal. App. 2d 1001, 1006 (1948) ("A party

7  may not without payment of the debt, enjoin a sale by a trustee under a power conferred by a

8  deed of trust, or have his title quieted . . .").  Finally, as a general matter an action to quiet title

9  cannot be maintained by the owner of equitable title as against the holder of legal title.  *See e.g.*,

10  *G.R. Holcomb Estate Co. v. Burke* (1935) 4 Cal.2d 289, 297-299.  In *G.R. Holcomb Estate*, the

11  California Supreme Court declared:

12          Both the pleadings and the evidence disclose the fact that the legal
        title to these lands stands in the name of the defendants.  At most
13          the plaintiff claims to be the equitable owner of said lands.  It has
        been repeatedly held in this state that an action to quiet title will
14          not lie in favor of the holder of an equitable title as against the
        holder of a legal title.  [Citation.]  Under this doctrine, plaintiffs
15          action to quiet title to said lands must fail.

16  *See also Lewis v. Superior Court,*  30 Cal. App. 4th 1850, 1866 (1994) (party "never had

17  standing to bring a quiet title action, because whatever interest it might have is only equitable,

18  and the holder of equitable title cannot maintain a quiet title action against the legal owner");

19  *Stafford v. Ballinger,* 199 Cal. App. 2d 289, 294 -95 (1962) (complaint does not state cause of

20  action to quiet title because it "disclose[s] that appellant does not have legal title to the property

21  in question" and "[i]t has been held consistently that the owner of an equitable interest cannot

22  maintain an action to quiet title against the owner of the legal title").

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

6.   **PLAINTIFF'S CLAIMS FOR CONSTRUCTIVE TRUST (FOURTH) AND TO CANCEL THE TRUSTEE'S DEED UPON SALE (FIFTH) MUST FALL BECAUSE THEY ARE REMEDIES, NOT CLAIMS FOR RELIEF.**

The imposition of a constructive trust is neither a valid cause of action nor a viable remedy in this case.  It is merely an additional form of relief for an otherwise viable cause of action, such as fraud. *Michaelian v. State Camp. Ins. Fund*, 50 Cal. App. 4th 1093, 1114 (1996); 5 Witkin, *California Procedure*, Pleading (4th ed. 2006), p. 796 ("A constructive trust is not a true trust but an equitable remedy.").  For the reasons given above, the plaintiffs have failed to state a cause of action for fraud and, therefore, there is no basis for a constructive trust.

Likewise, no basis exists for a resulting trust, which is also merely a remedy. *Am. Motorists Ins. Co. v. Cowan*, 127 Cal. App. 3d 875, 884 (1982).  A resulting trust requires allegations of an unintended transfer of property in violation of parties' rights or legal expectations.  *Id*. at 884-85.  Nothing alleged here justifies this remedy.  Plaintiff agreed to the loan, granted a deed of trust to secure her repayment and then defaulted.  The terms of the deed of trust provide for non-judicial foreclosure in the event of a default so there can be no violation of the plaintiffs' rights or expectations.

Plaintiff seeks to cancel the trustee's deed based on "Defendants had no right to conduct a non-judicial foreclosure sale while the Property was in bankruptcy." (SAC, p. 25:7-8.) Cancellation of an instrument is really a claim for rescission. *Moreno v. Citibank, N.A.,* 2010 U.S. Dist. LEXIS 25955, at * 9 (N.D. Cal. March 19, 2010).  And rescission is a remedy, not an independent cause of action. *Id.* (citing Cal. Civ. Code §§ 1689, 1691-92).  Therefore, standing alone, plaintiff's claim for cancellation of the trustee's deed upon sale is not a cognizable cause of action.

/ / /

/ / /

/ / /

/ / /

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

## 7. PLAINTIFF CANNOT RECOVER DAMAGES FOR HER CLAIMS RELATING TO THE RECORDING OF FORECLOSURE DOCUMENTS

In her prayer, Plaintiff seeks "an award of damages against [Wells Fargo] on Plaintiff's claims as applicable as alleged above in an amount to be shown at trial." (Prayer at FAC ¶1).

It is well-established that the recording and delivery of foreclosure documents, including the Notice of Default, Substitution of Trustee, Notice of Trustee's Sale, and Trustee's Deed Upon Sale are "privileged communications under the qualified, common-interest privilege of [Civil Code] Section 47, subdivision (c)(1)", and to pierce the privilege requires a showing of malice. *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 333 (2008) (applying common interest privilege in an action for slander of title against foreclosing trustee; "unless [defendant] acted with malice, it is immune from liability under the common interest privilege"). Civil Code § 2924(d) provides:

> All of the following shall constitute privileged communications pursuant to Section 47:
>
> (1) The mailing, publication, and delivery of notices as required by this section;
> (2) Performance of the procedures set forth in this article;
> (3) Performance of the function and procedures set forth in this article if those functions and procedures are necessary to carry out the duties described in Sections 729.040, 729.050 and 729.080 of the Code of Civil Procedure.

Cal. Civ. Code § 2924(d) (emphasis added).

The California Court of Appeal analyzed and applied this language and determined that the common-interest privilege of Civil Code § 47 bars any tort claim arising out of the statutorily required mailing, publication, and delivery of notices in non-judicial foreclosure, and the performance of statutory non-judicial foreclosure procedures absent a showing of malice. *Kachlon*, 168 Cal. App. 4th at 339.

Malice in this context means a deliberate desire to harm plaintiff's interest in the Property. Mere negligence, without more, is not a basis for the tort. *See*, Miller & Starr, Cal. Real Estate (3rd Ed. 2000), § 11:46. Plaintiff must plead facts demonstrating malice; a mere conclusory statement of malice will not suffice. *See*, *Gruenberg v. Aetna Ins. Co.*, 9 Cal. 3d

1    566, 586 (1973).  Since plaintiff fails to allege any facts indicating that Wells Fargo acted with

2    malice, Wells Fargo is immune from liability under the common interest privilege.

3                              **8.    CONCLUSION**

4           For the foregoing reasons, Wells Fargo requests that this Court grant its motion to

5    dismiss with prejudice.

6                                                    Respectfully submitted,

7    Dated:  March 18, 2013                          ANGLIN, FLEWELLING, RASMUSSEN,
                                                      CAMPBELL & TRYTTEN LLP
8

9                                                    By:   /s/ E. Christine Hehir
                                                        E. Christine Hehir
10                                                       chehir@afrct.com
                                                     Attorneys for Defendant WELLS FARGO BANK,
11                                                   N.A., successor by merger with Wells Fargo Bank
                                                     Southwest, N.A. formerly known as WACHOVIA
12                                                   MORTGAGE, FSB formerly known as World
                                                     Savings Bank, FSB erroneously sued as "Wells
13                                                   Fargo Bank, N.A. A/K/A Wachovia Mortgage, a
                                                     division of Wells Fargo Bank, N.A., and F/K/A
14                                                   Wachovia Mortgage, FSB" ("Wells Fargo")

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1

2

## <u>CERTIFICATE OF SERVICE</u>

3      I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101-2459.

4

5      On the date below, I served a copy of the foregoing document entitled:

6

7

## **MOTION TO DISMISS COMPLAINT**

8      on the interested parties in said case as follows:

9

| *Served By Other Means Than via the Court's CM/ECF System:* | *Served via the Court's CM/ECF System:* |
|---|---|
| *Plaintiff in Pro Per:* | *Counsel for Defendant NDeX West, LLC:* |
| Bernetta Adolph<br>48 Lobos Street<br>San Francisco, California 94112<br>Tel: 415.595.1009 | Edward A. Treder, Esq.<br>edwardt@bdfgroup.com<br>BARRETT DAFFIN FRAPPIER<br>TREDER & WEISS, LLP<br>20955 Pathfinder Road, Suite 300<br>Diamond Bar, CA 91765<br>Tel: 626.915.5714; Fax: 909.595.7640 |

10

11

12

13

14

15

16      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Pasadena, California on **March 18, 2013**.

17

18

19

| Christine Daniel | */s/ Christine Daniel* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |

20

21

22

23

24

25

26

27

28